# McCoy v. Clark.

March 25, 1949.

Carroll M. Redford and George J. Ellis, Jr., for appellant.

Brents Dickinson, Jr., for appellee.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

Appellee, Walter Clark, alleged that appellant, Charlie McCoy, negligently drove his automobile against the rear of appellee's automobile, thereby injuring appellee and damaging his automobile.

Appellant counterclaimed, alleging negligence on the part of appellee, and asked for damages to his car.

The jury found for appellee and awarded him damages in the sum of $2,659. Appellant prosecutes this appeal from the judgment entered on that verdict.

Appellant complains (1) of the failure of the trial court to give him a peremptory instruction; (2) that "in case he is mistaken in that contention, the instructions of the lower court were so erroneous as to constitute a reversible error"; and (3) that the court erred in giving instruction No. 3(d).

Appellee, Walter Clark, 38 years of age, lived on the north side of highway 80, known as the Glasgow-

Edmonton road, about a mile east of Glasgow. About 6:15 a. m., September 15, 1947, appellee was proceeding out of his driveway in his 1935 Chevrolet car onto highway 80. Charlie McCoy was driving along the Glasgow-Edmonton road in a westwardly direction toward Glasgow.

It was Clark's intention to move out onto the highway and proceed toward Glasgow. Clark says that when he reached the highway, he stopped or almost stopped his car, looked both ways and saw McCoy's car coming over the top of the hill about 800 feet to the east. Clark says that he started up, put his car in second, and pulled onto the highway, didn't look back or see appellant, straightened out, was on his right side of the road, was making about 15 or 20 miles per hour and had gone about 52 feet beyond his driveway toward Glasgow, when the appellant came up behind him and without warning ran into the lefthand back end of his car, caving it in, bending the front doors, knocking a wheel out of line, tearing up the rear-end transmission and the universal joint; that McCoy was driving fast, about 60 miles per hour.

The force of the impact spun the rear of appellee's car around clockwise to the left and off the highway into a ditch on the righthand side of the road as one proceeds toward Glasgow. Appellant's car did not leave the highway, the left front of it being near the left edge of the pavement, headed toward Glasgow, and the right rear being near the center of the road.

Appellant, 24 years of age, says he lives on the Edmonton road about 5 miles from Glasgow; that he is a metal worker and was on his way to work at the time of the collision; that he was driving about 30 miles per hour; that he saw appellee drive out of his yard onto the highway; that McCoy did not stop; that he was only about 20 feet from the driveway when appellee pulled out; that appellee was driving about 10 miles per hour; that there were no other cars on the highway between the top of the hill behind and the top of the hill in front of him; that he put on his brakes, tried to stop but the road was too slick; that appellee's car was about the middle of the road when he collided with it.

McCoy says that Clark, as he came out of his driveway, made a wide swing, pulled out into the middle of the road and that his car had not straightened out at the time of the collision.

McCoy says his right front fender struck the left rear wheel of Clark's car as Clark was making the turn; that appellee's car first skidded sidewise and then skidded off the road; that it came to rest about 40 or 50 feet from the edge of Clark's driveway and was headed back toward Edmonton.

One traveling 60 miles per hour moves 88 feet per second. Assuming this was McCoy's rate of speed, he would have come from the top of the hill to the point of the accident in about 9 seconds. If Clark pulled up to the edge of the highway and stopped, or almost stopped, and then started up slowly, turned to his right and moved 50 feet to the west, this could easily have taken him 9 seconds. On the other hand, if Clark pulled out suddenly into the middle of the road in front of McCoy, that would present an entirely different picture.

Appellant calls our attention to KRS 189.330(6), which provides: ''The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on the highway.''

Instruction No. 3(d), of which appellant complains, is as follows: ''It was the further duty of Walter Clark as he approached the Glasgow-Edmonton road to yield the right of way to all vehicles approaching on the highway and not to proceed into the Glasgow-Edmonton road until he could do so with reasonable safety to eastbound and westbound traffic on the Glasgow-Edmonton road.''

It appears that this instruction is in keeping with that statute.

Under the testimony it is apparent that appellant was not entitled to a peremptory instruction.

We find no error substantially prejudicial to appellant's right in the instructions given by the trial court. They properly presented the case to the jury. The testimony was highly conflicting. The jury saw and heard the witnesses and they are the judges of the credibility

and the weight of their testimony. The verdict of the jury was for appellee. No reversible error has been called to our attention.

The judgment of the circuit court is affirmed.